Milton Gafford,
Appellant

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 18 2015
Abel Acosta. Clerk

V.

The State of Texas,
Appellee

FILED IN
COURT OF CRIMINAL APPEALS
SEP 18 2015
Abel Acosta, Clerk

ORIGINAL

Petition For Review in Cause No. 05-14-00917-CR

This is a Petition For [Discretionary] Review, reviewing the adverse decision/opinion of the Texas Court of Criminal Appeals in their affirmation of the trial court's guilty verdict.

Appellant would state, after taking the trial transcripts and trial Exhibits collectively, this Honorable Court should Reverse and Remand this Cause, after granting the Certiori, back to the Texas Court of Criminal Appeals, with instructions to that Honorable Court to remand this matter back to the Trial Court for full adjudication of the facts, consistent with this Honorable Courts Mandate, namely, that the evidence adduced at trial was legally insufficient to sustain a conviction.

- 1 -

Appellant would submit that according to the Police Report, Elaine Bailey stated that her vehicle had three (3) long scratches to the right side; which occurred when the appellant [allegedly] collided with her. Please see and refer to State's Exhibits 5, 6 and 8.

According to the said Police Report, a major discrepency is shown in the testimony given by Ms. Elaine Bailey -- contrary and in juxtiposition -- when at trial, the said witness stated appellant collided with her vehicle. According to the Random House Dictionary, Edition ____, the word Collide means:

> To strike one another with
> forceful impact; crash.

Contrary, Ms. Bailey stated at trial, under oath that she was not sure if there was any contact by the appellant's car

Furthermore, by looking at the State's Exhibits you'll notice that the photographs produced do not support the testimony given to the Dallas County Police Department. Please refer to Exhibits 5, 6 and 8.

In the case at bar, the supporting evidence in the defense was beyond enough means to provide the

-2-

trial court, Texas Court of Criminal Appeals and hence, this Honorable Court, enough evidence to prove without a shadow of a doubt, that this incident did not occur in the manner that the State's Witness says it did, namely, no collision, no threatening behavior and no placing in imminent danger, where the State's Witness had to fear for her life.

Wherefore, because the Record does support the Appellant's contentions, as previously stated, supra, this Honorable Court should grant certiori.

In the case now before this Honorable Court, appellant directs this Body to the Trial Transcripts, page 36, lines 15-18* emphasis on line 17, "... Mr. Gafford tried to hit your vehicle with his vehicle ..." Please note that the witness does not state appellant [ever] made contact with her vehicle.

Based on the State's Witness [own] testimony, appellant never made contact with her vehicle, thus all reasonable inference that are accorded to the state are nullified. In fact, the State's Witness who initially filed the Complaint (Police Report) recanted both prior to trial and during trial, unequivocally stating appellant did not collide with the vehicle the State's Witnesses were

-3-

riding in, and all of the factors as listed above.

According to the Trial Transcripts, page 66, lines 19-24, appellant's counsel quotes the State's witness, ":Ms. Spencer say, "That's my big sister. I listen to my big sister." And ultimately it was her decision to go to the Lamar headquarters and file a police report. She admits she lied and was mad. She's the only one that's been -- that's listed on this indictment."

State's Witness Ms. Spencer, too (along with State's Witness Ms. Bailey) said she never felt threatened; that she never was threatened; and furthermore, she voluntarily filed an Affidavit of Non-Prosecute. Additionally, she admitted that her sister's (State Witness Ms. Bailey) story was incorrect (hence, false, fabricated).

To elucidate on this point appellant directs this Honorable Court's attention to Trial Transcripts, page 56, lines 8-13:

Q. But she wanted to go to the police station?

A. Yes, because she was angry

Q. And you filed a statement
with the police.
A. Yes.
Q. Was that statement correct
at that time?
A. No.

## Conclusion and Requested Relief

In the case at bar, not only did the State's Witnesses narration change drastically; but the initial statements were proven to be fictitious and fabricated and should be held for naught.

Both of the State's Witnesses (who, it should not be forgotten are sisters) were upset at appellant due to a previous disagreement between appellant and State's Witness Ms. Spencer.

The State's Exhibits do not prove any certainty of a collusion -- the basis of the initial Charging Instrument. When the Charging Instrument is placed in juxtaposition with the testimony adduced at the trial level, it becomes demonstrably clear that no assault with a deadly weapon [ever] occurred, and no rational trier of fact can

deduce such findings.

Wherefore and in conclusion, this Honorable Court should grant to appellant the following Relief:

a) Grant to appellant certiori;
b) Cause appellant to file a brief--after and within thirty (30) days following certiori;
c) Cause the State to submit a brief within thirty (30) days of appellant's brief;
d) Adjudicate this matter, and reverse and remand this Cause to the Texas Court of Criminal Appeals, mandating that Honorable Court to remand this matter back to the Trial Court for a new trial with competent counsel; or
e) Reverse and Dismiss this matter
f) Grant to appellant general relief

It is so prayed.

Respectfully,

Milton Gafford

-6-

## Certificate of Service

I hereby certify that the foregoing Petition For Review has been mailed to the Texas Supreme Court Clerk, P. O. Box 12248 Austin, Texas 78711                , on this the 15 day of September 2015.

Respectfully,

Milton Gafford

MR MILTON GAFFORD #1404054g

South Tower 3C

P.O. Box 660334

Dallas, Tx. 75266

NORTH TEXAS TX FRDC
DALLAS TX 750
15 SEP 2015 PM 6 L

FOREVER
USA

Bank Swallow



Clerk of the Court of
Criminal Appeals
201 West 14TH St.
Austin, Tx 8701

78701161401